IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 SEP 25  P 1: 25

| | |
|---|---|
| MICHAELA MARTINA KING a minor by and through her next best friend and mother MAUREEN KING,<br><br>    Plaintiffs,<br><br>vs.<br><br>JANIE KATHLEEN OSBORN<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO.: 3 .06-CV-854-WKW

## NOTICE OF REMOVAL & REQUEST FOR CONSOLIDATION WITH SIMULTANEOUSLY REMOVED CASES

COMES NOW the Defendant, JANIE KATHLEEN OSBORN, an individual, and files this Notice of Removal of this action from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds hereto, this Defendant shows unto the Court as follows:

### BACKGROUND OF THIS ACTION

1.    The above-entitled cause was filed in the Circuit Court for Macon County, Alabama, on or about <u>September 28, 2005</u> and is now pending therein. A complete copy of the lawsuit along with all State Court pleadings are attached as

Exhibit "1" and are incorporated herein by reference. This case is being removed within 30 days of receipt of a pleading which indicates the case is removable and within one year of the commencement of this action.

2.    Said action is of a civil nature at law whereby Plaintiffs seek to recover damages in excess of $75,000 from the Defendants, exclusive of interest and costs. (See this Defendant's discussion of jurisdiction pursuant to § 1332 *infra).*

3.    The above-referenced lawsuit arises from a motor vehicle accident that occurred on July 8, 2005 in Macon County, Alabama. The Defendant, Janie Kathleen Osburn, was the driver of one of two vehicles involved. The other vehicle was being driven by Michaela Martina King. Plaintiffs allege that Plaintiffs, Maureen King, Marvin Freeman and Kinedi Wallace were all passengers in the vehicle being driven by Michaela Martina King. The Plaintiffs originally filed four (4) consecutive lawsuits in the Circuit Court for Macon County, Alabama bearing Case Nos.: CV 05-188, CV 05-189, CV 05-190 and CV 05-191.

## THE PLAINTIFF

4.    Upon information and belief, and as pled in the Plaintiffs' Complaint, the Plaintiffs are residents of Macon County, Alabama.

## THE REMOVING DEFENDANT

5.    At all times referred to in the Complaint, including the date of filing of

the Complaint, to present, the Defendant, Janie Kathleen Osborn, was an individual

resident citizen of the State of Georgia.

## GROUNDS FOR REMOVAL

6.     This case is being removed pursuant to 28 U.S.C. §1441 et seq.,

inasmuch as this action could have originally been brought in this Court pursuant to

28 U.S.C. §1332.

7.     Although the case stated by the initial pleading was not removable, this

Notice of Removal is timely filed because it is submitted within 30 days after the

receipt by this Defendant of a copy of other paper from which it could first be

ascertained that the case had become removable.  28 U.S.C. § 1446(b).  To wit, this

action was originally filed against Janie Kathleen Osborn and included a <u>specific</u>

<u>addendum clause</u> which sought damages **"not exceeding $70,000.00."**  (See

Plaintiffs' Complaint, attached along with all State Court pleadings as composit

Exhibit "1" ).

8.     On <u>September 13, 2006</u>, counsel for this Defendant received

correspondence from Plaintiff's counsel dated <u>September 12, 2006</u>.  (Please see

Affidavit of M. Brian Slaugther attached hereto as Exhibit "2").  Within Plaintiff's

<u>September 12, 2006</u> letter Plaintiffs' counsel outlined a demand "on behalf of the

Plaintiffs" for "policy limits."  Through discovery, Plaintiff's counsel had previously

been informed of a total of $3,000,000.00 in insurance coverage consisting of primary and excess liability policies.    The receipt of Plaintiff's September 12, 2006 correspondence was the first written notice that Plaintiffs were seeking in excess of the amount originally claimed within the Complaint. (Please see Affidavit of M. Brian Slaugther attached hereto as composit Exhibit "2").

9.    Pursuant to 28 U.S.C. § 1446 (b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable . . . " Thus, the thirty day window in which a Defendant must remove a case begins to run only when that Defendant receives notice -- in whatever form -- that the case is now removable. In the instant case, this Notice of Removal is being filed within 30-days of the receipt of Plaintiffs' September 12, 2006 correspondence asserting a $3,000,000.00 "policy limits" demand. The District Courts within the 11th Circuit have determined that a settlement demand letter constitutes an "other paper" as contemplated by 28 U.S.C. § 1446(b). (Golden Apple Management Company, Inc. v. GEAC Computers, Inc. 990 F. Supp. 1364(M.D). Ala. 1998). (Holding that a settlement negotiation letter may be specifically considered as a "other paper" from which removability may become first ascertainable and, thus, trigger a 30-day period for removal pursuant to

§ 1446(b).

10.    This Notice of Removal is also timely filed because it is being submitted within one year from the date of commencement of the action.

11.    A true and correct copy of this Notice of Removal is being served on counsel for Plaintiffs this date.

12.    A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Macon County, Alabama this date.

13.    No special bail was or is required in this action.

## JURISDICTION UNDER 28 U.S.C. §1332

14.    This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332 in that it is a civil action wherein the matter in controversy exceeds $75,000 exclusive of interest and costs and there is diversity of citizenship among the parties Plaintiff and Defendants.

15.    As to the amount in controversy, this Defendant directs the Court to Plaintiffs' demand letter of September 12, 2006 asserting a $3,000,000.00 "policy limits" demand. (See attachment "A" to Exhibit "2").

16.    There is complete diversity of citizenship between the Plaintiffs and this Defendant as all Plaintiffs are resident citizens of the State of Alabama and this

Defendant is a resident citizen of the State of Georgia as pled with Plaintiff's Complaint.

## REQUEST FOR CONSOLIDATION

17.    This case arises out of an automobile accident which occurred on or about July 8, 2005. The Plaintiff herein and all Plaintiffs whose cases are being simultaneously removed have asserted that they were occupants of a motor vehicle which was struck by the vehicle driven by this Defendant, Janie Kathleen Osborn. All Plaintiffs assert negligence and wantonness on the part of this Defendant resulting in their injuries. Each of the individual Plaintiffs filed separate consecutive lawsuits in the Circuit Court for Macon County, Alabama asserting claims and liability against this Defendant arising from the same automobile accident in which all Plaintiffs were occupying the same vehicle. In virtually identical Complaints, each Plaintiff alleges identical causes of action based on the very same accident.

18.    Pursuant to Rule 42 of the Federal Rules of Civil Procedure, this Defendant respectfully requests this Court enter an Order consolidating the matters simultaneously removed and involving this very same accident. This Defendant asserts that these matters assert common questions of law and fact.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the above-entitled cause be removed to the United States District Court for the Middle

District of Alabama, Eastern Division, according to the statutes in such case made and provided.

Respectfully submitted,

M. Keith Gann
Thomas E. Bazemore, III
Attorneys for Defendant

Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South
Birmingham, Alabama 35223
Telephone:  (205) 251-1193
Facsimile:  (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing **NOTICE OF REMOVAL & REQUEST FOR CONSOLIDATION WITH SIMULTANEOUSLY REMOVED CASES** has been served upon:

David M. Cowan, Esq.
MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209

R. Keith Thomas, Esq.
R. Keith Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

M. Brian Slaughter, Esq.
VARNER & ASSOCIATES
2600 Meadow Brook South
Suite 200
2600 Corporate Drive
Birmingham, Alabama 35242

by placing a copy of same in the U. S. Mail on **September 25, 2006.**

Of Counsel

3:06-CV- 854-WKW

# EXHIBIT
# 1

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MICHAELA MARTINA KING, a minor, by          )
and through her next best friend and mother, )
MAUREEN KING,                                )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )        Civil Action No.
                                             )        CV-05-191
JANIE KATHLEEN OSBORN,                       )
                                             )
        Defendant.                           )

## SUMMONS

Pursuant to Alabama Rule of Civil Procedure 4.1(c)(1), service is hereby requested by certified mail. You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant **Janie Kathleen Osborn.**

NOTICE TO: **Janie Kathleen Osborn**
            **507 East 10th Street SE**
            **Rome, Georgia 30161**

## NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to David M. Cowan, MANN, COWAN & POTTER, P.C., Attorney for Plaintiff, at Suite 601, 2000-B SouthBridge Parkway, Birmingham, Alabama 35209. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THIS COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time.

*Eddie D. Mallad*
Clerk of Court

DATED: 9/28/05

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MICHAELA MARTINA KING, a minor, by        )
and through her next best friend and mother, )
MAUREEN KING,                             )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )     Civil Action No.
                                          )     *CV-05-191*
JANIE KATHLEEN OSBORN; Defendant No.      )
1, being the correct legal designation of that or )
those persons or entities otherwise known as )
Janie Kathleen Osborn; Defendants Nos. 2, 3 )
and 4, being the correct legal designation of )
that or those persons or entities who committed )
those acts of negligence, as described in the )
body of this complaint; Defendants Nos. 5 and )
6, being the correct legal designation of that or )
those persons or entities who or which afforded )
any insurance coverage to either the driver or )
the owner of the motor vehicle(s) involved in )
the occurrence made the basis of this lawsuit; )
Defendants Nos. 7 and 8 being the correct legal )
designation of that or those persons or entities )
who are the successors or predecessors in )
interest to the named defendants, all of whose )
true and correct legal identities are unknown at )
this time, but will be added by amendment )
when ascertained,                         )
                                          )
        Defendants.                       )

## **COMPLAINT**

1.      Michaela Martina King (hereinafter "King"), is a minor, by and through her next best

friend and mother, Maureen King, and is a resident citizen of Macon County, Alabama. The

Defendant Janie Kathleen Osborn (hereinafter "Osborn") is believed to be over the age of nineteen

(19) years and is a resident citizen of the State of Georgia.

2.      Fictitious Defendants are described as follows: Defendant No. 1, being the correct

legal designation of that or those persons or entities otherwise known as Janie Kathleen Osborn;

Defendants Nos. 2, 3 and 4, being the correct legal designation of that or those persons or entities who committed those acts of negligence, as described in the body of this complaint; Defendants Nos. 5 and 6, being the correct legal designation of that or those persons or entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in ) the occurrence made the basis of this lawsuit; Defendants Nos. 7 and 8 being the correct legal designation of that or those persons or entities who are the successors or predecessors in interest to the named defendants, all of whose true and correct legal identities are unknown at this time, but will be added by amendment when ascertained.

3.    The automobile accident made the basis of this complaint occurred within Macon County, Alabama. All acts which form the basis of this complaint occurred within two (2) years of the filing thereof.

4.    On or about July 08, 2005, upon a public highway, to-wit: U.S. Highway 80 at or near the intersection of Alabama Highway 186 and Macon County Road 89 Alabama Highway 14 at or near its intersection with Alabama Highway 49 in Macon County, Alabama, Defendant, Osborn, negligently and/or wantonly caused or allowed her motor vehicle to collide with a motor vehicle driven by Plaintiff, King.

5.    Based on the above described conduct of Defendant Osborn, the Plaintiff King has damages for which she has not been paid.

## COUNT I

6.    The Plaintiff King adopts and realleges all preceding paragraphs.

7.    The Plaintiff King avers that the above described conduct on the part of Defendant Osborn and Defendants Nos. 1 through 8 constitutes negligence and/or wantonness. Particularly,

2

the Plaintiff King states that on the date and at the place of the automobile accident as is described herein, said Defendant Osborn and Defendants Nos. 1 through 8 did negligently and/or wantonly cause or allow a motor vehicle to collide with a motor vehicle driven by Plaintiff, King. Said negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries and damages hereinafter described.

8.     As a direct and proximate result of the above described conduct, King has or will suffer the following:

      (a)     past, present, future and/or permanent injuries;

      (b)     past, present and future lost wages;

      (c)     property damage;

      (d)     medical expenses;

      (e)     physical pain, impairment, disfigurement, scarring and/or injury;

      (f)     mental anguish; and

      (g)     all other damages to which King is entitled by law to maintain.

WHEREFORE, the Plaintiff demands judgment against the Defendant Osborn and Defendants Nos. 1 through 8, jointly and severally for such compensatory and punitive damages in an amount up to but not exceeding $70,000.

DAVID M. COWAN
Attorney for Plaintiff

3

**OF COUNSEL:**

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663

_K T by_

RICHARD K. THOMAS
Attorney for Plaintiff

**OF COUNSEL:**

Richard K. Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083
Telephone: (334) 724-0035

**JURY DEMAND**

Plaintiff hereby demands a trial by struck jury.

OF COUNSEL

**PLAINTIFF'S ADDRESS:**

Michaela Martina King
508 Pleasant Springs Drive
Apartment #504
Tuskegee, Alabama 36083

**DEFENDANT'S ADDRESS:**

Janie Kathleen Osborn
507 East 10th Street SE
Rome, Georgia 30161

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

4



UNITED STATES POSTAL SERVICE

Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4 in this box

Eddie D. Mallard, Circuit Clerk
Macon County Courthouse
101 E. Northside Street
Post Office Box 830723
Tuskegee, Alabama 36083-0723



SENDER: COMPLETE THIS SECTION          COMPLETE THIS SECTION ON DELIVERY

Janie Kathleen Osborn
507 East 10th Street SE
Rome, Georgia 30161

7004 2890 0002 8289 0379

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MICHAELA MARTINA KING, a minor, by    )
and through her next best friend and mother,    )
MAUREEN KING,    )
    )
       Plaintiff,    )
    )
v.    )   Civil Action No. _____
    )   CV-05-191
JANIE KATHLEEN OSBORN,    )
    )
       Defendant.    )

## PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT

COMES NOW the Plaintiff in the above-styled cause and pursuant to Rules 26, 33 and 34 of the ALABAMA RULES OF CIVIL PROCEDURE, request that each Defendant answer separately, in writing and under oath the following interrogatories propounded by Plaintiff and to produce the following documents for inspection and copying by counsel for Plaintiff:

### Definitions

As used herein:

1.     "Defendant", "you" and/or "your" means Janie Kathleen Osborn, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on this Defendant's behalf.

2.     The word "person(s)" means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive. The use of the words "include(s)" and "including" shall be construed to mean "without limitation."

4.    The word "document(s)" is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of plaintiff, including without limitation:

All writings; **e-mails;** studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; FAX transmissions; cables; memoranda; records; notes, reports summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board directors, committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.    The word "identify" when used with respect to an individual means to state such individual's: (a) full name, present or last known residence and business address(es) and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.    The word "identify" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., corporation, partnership, etc.);

2

and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories.

7.      The word "identify" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of) dictated or otherwise participated in the preparation of the document; (e) to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

## Continuing Interrogatories
## and Request for Production

These interrogatories and requests for production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these interrogatories and requests for production are obtained prior to trial.

## Instructions

Defendant should answer each interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial

3

answer is given.

Answers to these interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory, and, when an interrogatory has subdivisions, to each subdivision.

With respect to any interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the interrogatory or interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

## **INTERROGATORIES**

1.     Please state whether your name is correctly set forth as a Defendant in this case; if not, please state your correct name.

2.     Please give your present address, telephone number, Social Security number, driver's license number, and date of birth.

3.     Please identify, by giving the name, address, and last known telephone number, each and every person or witness known to you to have knowledge of any of the events, circumstances, issues and/or conditions set out in the Complaint.

4.     Please identify each and every person this Defendant contends or believes has

4

information or knowledge that would allegedly support any factual and/or legal defense raised in the Answer, or that the Defendant intends to raise at the trial of this cause.

5.    With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

  a.    His/her name, address, and telephone number;

  b.    The name, address, and telephone number of his/her employer or the organization ith which he/she is associated in any professional capacity;

  c.    The field in which he/she is to be offered as an expert;

  d.    A summary of his/her qualifications within the field in which he/she is expected to testify;

  e.    The substance of the facts to which he/she is expected to testify; and

  f.    The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

6.    Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the incident made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

7.    Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

8.    Please provide the following information for any and all policies of insurance (whether primary, secondary, excess, umbrella or otherwise) of any kind whatsoever that could

5

arguably be applicable or available to satisfy part or all of any judgment or settlement in this matter:

    a.    Full name of insurer(s);

    b.    Policy number(s);

    c.    Full description of the type of policy(ies); and

    d.    Limits of liability (single limit, per occurrence or otherwise).

9.    Within the twenty-four hours preceding the collision between the vehicle driven by you and the car operated by Plaintiff, had you:

    a.    Consumed any drugs, whether prescription medication or any other drug of any description; and/or

    b.    Consumed any alcoholic beverages.

10.    Describe your activities during the forty-eight hours preceding, the time of the collision described in the Complaint, including:

    a.    The times during which you had gone to and risen from bed; and

    b.    The names, addresses, telephone numbers of any and all persons who are known to you who were with you during that time.

11.    Please list each and every residence address you had from the date of the incident made the basis of this suit and for the five (5) years preceding.

12.    Please list each and every State in which you have held a driver's license of any kind during the past ten (10) years, and include in your answer the name under which you held the license and the driver's license number.

13.    Please state the status of your Georgia Driver's License at the time of the accident made the basis of this suit (i.e., suspended, revoked, etc.), and if said license was suspended or

revoked, please state the cause for this status.

14.    Please state whether there were any restrictions placed on your Georgia Driver's License at the time of the accident made the basis of this suit (i.e., corrective lens, etc.).

15.    Please state the approximate or estimated speed at which you were traveling immediately prior to impact at the time of the accident made the basis of this suit.

16.    Please list every moving vehicle violation for which you have been cited during the last ten (10) years, including but not limited to:

      a.    The county and state in which you were cited;

      b.    The date of the citation; and

      c.    The disposition of the citation (i.e., dismissed; guilty and fined and/or jail sentence, license suspended; etc.).

17.    Identify anyone who, to this Defendant's knowledge, made or submitted any written statement, report, and/or investigation of the occurrence made the basis of this lawsuit.

18.    Please identify, including the addresses, telephone numbers, and names of business and/or names of residents (if household other than your own), your destination at the time of the accident in question and where you had been immediately prior to said accident, and the reason for making the trip.

19.    Please describe in detail the accident which is the basis of this suit, describing how the accident occurred, your actions immediately prior to said accident and the actions of the Plaintiffs.

20.    List each and every defense known to you at this time that you presently intend to assert.

7

21.    List each and every defense known to you at this time that you presently intend to assert.

## REQUEST FOR PRODUCTION

The "**documents**" covered by this request are as follows:

1.    Any and all insurance agreements or policies (whether primary, excess, umbrella or otherwise) under which an insurance company might be liable to satisfy part or all of a judgment which may be entered in the above mentioned cause.

2.    A copy of the front and back of your Georgia Driver's License.

3.    Copies of any and photographs, or motion pictures of persons, places, or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence.

4.    Copies of any signed or unsigned statement, account, or report made by any persons, including p arties, who claim to have any knowledge whatsoever pertaining in any way to the occurrence referred to in the Complaint. (If you refuse to produce copies of any of the requested documents based upon attorney/client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account, or report was obtained, the name and address of the person who obtained said statement, account, or report, and the nature and specific subject matter of said statement, account, or report. Any and all medical bills, medical reports, hospital records, or doctor's records reflecting any examinations, tests or treatment received by you as a result of the collision made the basis of this suit.

8

5.     List of witnesses or any other person who may be called by the defense to testify at trial.

6.     Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

7.     Any and all insurance policies (including declaration page) applicable to and in effect at the time of the incident made the basis of this suit

8.     Any and all insurance claim reports or accident reports filed on behalf of the Defendant.

9.     Please produce a copy of any and all policies of insurance which could possibly have afforded either of the Plaintiffs UM and/or UIM coverage for the incident made the basis of this suit.

_____
DAVID M. COWAN
Attorney for Plaintiff

**OF COUNSEL:**

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663

_____
RICHARD K. THOMAS
Attorney for Plaintiff

9

**OF COUNSEL:**

Richard K. Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083
Telephone: (334) 724-0035

_____

OF COUNSEL


**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

10

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MICHAELA MARTINA KING, a minor, by      )
and through her next best friend and mother,   )
MAUREEN KING,                            )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Civil Action No. 
                                         )        CV-05-19
JANIE KATHLEEN OSBORN,                   )
                                         )
        Defendant.                       )

## <u>NOTICE OF TAKING DEPOSITION</u>

Please take notice that at **11:00 a.m.** on the **14th** day of **December, 2005,** at the law offices

of Mann, Cowan & Potter, P.C., located at 2000-B SouthBridge Parkway, Suite 601, Birmingham,

Alabama, the Plaintiff, will take the deposition of **JANIE KATHLEEN OSBORN**, upon oral

examination pursuant to Rule 30 of the Alabama Rules of Civil Procedure, for the purpose of

discovery, or for use as evidence in this action, or for both purposes, before a court reporter, a Notary

Public, or before some other officer authorized by law to administer oaths.


_____
DAVID M. COWAN
Attorney for Plaintiff


**OF COUNSEL:**

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663

_K T by_ _[signature]_
RICHARD K. THOMAS
Attorney for Plaintiff

**OF COUNSEL:**

Richard K. Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083
Telephone: (334) 724-0035

_[signature]_

OF COUNSEL

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V  2005  0191  ☐☐ - ☐☐<br>Date of Filing:    Judge Code:<br>09  21  2005   XXX<br>Month  Day  Year |

**IN THE CIRCUIT COURT OF** _____ MACON COUNTY _____, ALABAMA

(Name of County)

Michaela Martina King                    v.          Janie Kathleen Osborn

| **Plaintiff** | | **Defendant** | |
|---|---|---|---|
| **First Plaintiff** ☐ Business  ☑ Individual | | **First Defendant** ☐ Business  ☑ Individual | |
| ☐ Government  ☐ Other | | ☐ Government  ☐ Other | |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

| TORTS: PERSONAL INJURY | | OTHER CIVIL FILINGS (cont'd) | |
|---|---|---|---|
| ☐ WDEA - Wrongful Death | | ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ | |
| ☐ TONG - Negligence: General | | Enforcement of Agency Subpoena/Petition to Preserve | |
| ☑ TOMV - Negligence: Motor Vehicle | | ☐ CVRT - Civil Rights | |
| ☐ TOWA - Wantonness | | ☐ COND - Condemnation/Eminent Domain/Right-of-Way | |
| ☐ TOPL - Product Liability/AEMLD | | ☐ CTMP - Contempt of Court | |
| ☐ TOMM - Malpractice-Medical | | ☐ CONT - Contract/Ejectment/Writ of Seizure | |
| ☐ TOLM - Malpractice-Legal | | ☐ TOCN - Conversion | |
| ☐ TOOM - Malpractice-Other | | ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction | |
| ☐ TBFM - Fraud/Bad Faith/Misrepresentation | | Election Contest/Quiet Title/Sale For Division | |
| ☐ TOXX - Other: _____ | | ☐ CVUD - Eviction Appeal/Unlawful Detainer | |
| | | ☐ FORJ - Foreign Judgment | |
| TORTS: PERSONAL INJURY | | ☐ FORF - Fruits of Crime Forfeiture | |
| ☐ TOPE - Personal Property | | ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition | |
| ☐ TORE - Real Property | | ☐ PFAB - Protection From Abuse | |
| | | ☐ FELA - Railroad/Seaman (FELA) | |
| OTHER CIVIL FILINGS | | ☐ RPRO - Real Property | |
| ☐ ABAN - Abandoned Automobile | | ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship | |
| ☐ ACCT - Account & Nonmortgage | | ☐ COMP - Workers' Compensation | |
| ☐ APAA - Administrative Agency Appeal | | ☐ CVXX - Miscellaneous Circuit Civil Case | |
| ☐ ADPA - Administrative Procedure Act | | | |
| ☐ ANPS - Adults in Need of Protective Services | | | |

**ORIGIN** (check one):     F ☑ INITIAL FILING       A ☐ APPEAL FROM       O ☐ OTHER:
                                                    DISTRICT COURT
                           R ☐ REMANDED        T ☐ TRANSFERRED FROM
                                                    OTHER CIRCUIT COURT

*FILED IN CIRCUIT CLERK'S OFFICE*
*MACON COUNTY, AL*
*EDDIE D. HALL CIRCUIT CLERK*
*2005 SEP 28 A II: 57*

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
| C | O | W | 0 | 0 | 2 |

9-27-05
Date

Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

# Mann, Cowan & Potter, P. C.

ATTORNEYS AT LAW

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

Kylie@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

September 27, 2005

Eddie D. Mallard, Circuit Clerk
Macon County Courthouse
101 E. Northside Street
Post Office Box 830723
Tuskegee, Alabama 36083-0723

Re:    *Michaela Martina King v. Janie Kathleen Osborn*

Dear Mr. Mallard:

Enclosed please find documents we would like to have filed with your office:

1.    Civil Cover Sheet;
2.    Summons;
3.    Complaint;
4.    Discovery.

Also, enclosed is a check for the cost of this service, the appropriate certified mail, and a self-addressed stamped envelope for your convenience when returning a "filed" copy to this office.

With Kindest Regards,

MANN, COWAN & POTTER, P.C.

Kylie Wheelis,
Legal Assistant to
David M. Cowan

/kmw
Enclosure(s)

```
                ALABAMA JUDICIAL DATA CENTER
                    COURT PAYMENT SYSTEM
      COUNTY                              RECEIPT NUMBER: 039944
  DATE OF RECEIPT: 09/28/2005  TIME: 14:57:39
 RECEIPT FOR CASE: CV 2005 C001P1 00          BATCH: 2006001
    RECEIVED FROM: COWAN DAVID MORRISON


  MICHAELA MARTINA KING   VS   JANIE KATHLEEN OSBORN

    ACCOUNTS RECEIPTED:
         CV05                           $333.00
         JDMD                           $100.00

 RECEIVED BY: MAA        CHECK AMOUNT      $433.00
```

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MICHAELA MARTINA KING, a
minor, by and through her next best
friend and mother, MAUREEN KING,

    **Plaintiffs,**

v.

**JANIE KATHLEEN OSBORN,**

    **Defendant.**

**CIVIL ACTION NUMBER:**

**CV 05-190**



## ANSWER

    **COMES NOW** the defendant, Janie Kathleen Osborn, and answers the complaint as follows:

1.    The general issue is plead, each and every material allegation contained in the complaint is denied, and strict proof thereof is demanded.

2.    The complaint fails to state claims upon which relief can be granted.

3.    The defendant raises the affirmative defense of contributory negligence.

4.    Defendant avers that the accident was caused by a sudden emergency.

5.    Defendant reserves the right to amend this answer.

## TRIAL BY STRUCK JURY IS DEMANDED

By _____
M. Brian Slaughter (SLA014)
Attorney for Defendant(s),
Janie Kathleen Osborn

**OF COUNSEL:**
**Varner & Associates**
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 981-3700

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing

upon:

Richard K. Thomas
404 South Main Street
P. O. Box 830899
Tuskegee, AL 36083

David M. Cowan, Esq.
MANN, COWAN & POTTER
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL 35209

by placing a copy of same in the United States Mail in a properly addressed envelope

with sufficient postage thereon to ensure delivery.

This 21 day of November, 2005.

_____
OF COUNSEL

anspkg.doc

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MICHAELA MARTINA KING, a
minor, by and through her next best
friend and mother, MAUREEN KING,

    **Plaintiffs,**

**v.**

**JANIE KATHLEEN OSBORN,**

    **Defendant.**

**CIVIL ACTION NUMBER:**

**CV 05-190**

FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL
2005 NOV 22 P 4: 13
EDDIE D. MALLARD
CIRCUIT CLERK

---

## NOTICE OF SERVICE OF DISCOVERY MATERIAL

---

I hereby certify that a copy of the following designated discovery material has this date been served upon counsel for all parties to this action by United States mail, first class postage prepaid and properly addressed:

| | |
|---|---|
| [X] | Interrogatories to Plaintiff, Request for Production and Request for Admission to Plaintiff |
| [ ] | Defendant's Responses to Plaintiff's First Discovery |
| [ ] | Response to Plaintiff's Interrogatories |
| [ ] | Response to Request for Production |
| [ ] | Response to Request for Admissions |
| [ ] | Notice of Deposition |
| [ ] | Other: _____ |

By _____

    M. Brian Slaughter (SLA014)
    Attorney for Defendant,
    Janie Kathleen Osborn

**·OF COUNSEL:**
**Varner & Associates**
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, Alabama 35242
(205) 981-3700

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and

foregoing upon:

Richard K. Thomas
404 South Main Street
P. O. Box 830899
Tuskegee, AL  36083

David M. Cowan, Esq.
MANN, COWAN & POTTER
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL  35209

by placing a copy of same in the United States Mail in a properly addressed envelope

with sufficient postage thereon to ensure delivery.

This 21st day of November, 2005.

_____
OF COUNSEL

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MICHAELA MARTINA KING, a minor, )
by and through her next best friend and )
mother, MAUREEN KING )
                                       )

       Plaintiffs, )
                                         )

v. )        Civil Action No.: CV-05-190
                                         )

JANIE KATHLEEN OSBORN, )
                                         )

       Defendant. )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    CLERK OF COURT

       PLEASE TAKE NOTICE that the undersigned has on the __5__ day of **July, 2006,** served on counsel for all parties the following discovery documents:

       ( )    First Request for Production to Defendant
       ( )    Response to Request for Production
       ( )    First Set of Interrogatories to Defendant
       (x)   Answers to Interrogatories and Requests for Production of Defendant
       ( )    Request for Admissions
       ( )    Response to Request for Admissions
       ( )    Notice of Intent to Serve Subpoena
       ( )    Notice of Deposition

                               DAVID M. COWAN
                               Attorney for Plaintiff

OF COUNSEL:

**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone:    (205) 879-9661
Facsimile:     (205) 879-9663

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

M. Brian Slaughter, Esq.
Varner & Associates
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, Alabama 35242

R. Keith Thomas, Esq.
R. Keith Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

This the **5** day of ___July___, 2006.

_____
OF COUNSEL

2

## MANN, COWAN & POTTER, P. C.

ATTORNEYS AT LAW

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

Kylie@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

July 6, 2006

Eddie D. Mallard, Circuit Clerk
Macon County Courthouse
101 E. Northside Street
Post Office Box 830723
Tuskegee, Alabama 36083-0723

Re:    *Kinedi Wallace v. Janie Kathleen Osborn*
Civil Action No.: CV-05-188

*Maureen King v. Janie Kathleen Osborn*
Civil Action No.: CV-05-191

*Michaela Martina King v. Janie Kathleen Osborn*
Civil Action No.: CV-05-190

Dear Mr. Mallard:

Enclosed please find documents we would like to have filed with your office:

1.    **Notice of Service of Discovery Documents.**

Also, enclosed is a self-addressed stamped envelope for your convenience when returning a "filed" copy to this office.

With Kindest Regards,

MANN, COWAN & POTTER, P.C.

Kylie Wheelis,
Legal Assistant to
David M. Cowan

/kmw
Enclosure(s)

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

**SCHEDULING ORDER**

It is hereby Ordered that there be a call of the Civil Jury Docket for the Circuit Court of Macon County on Tuesday, July 11, 2006, at 9:00 a.m. By way of this Order all cases on the attached docket are hereby set for trial on Monday, August 21, 2006, at 9:00 a.m. On the Docket Call of July 11, 2006, the Court will entertain special setting of certain cases where warranted under the circumstances. Unless otherwise agreed upon by counsel, and subject to other pre-trial orders which may have been or which may be entered:

1. At least ten (10) days prior to trial the parties shall furnish to each other all photographs, bills, statements or other exhibits they intend to introduce into evidence, whether in possession of counsel, their client, or witnesses. In the event any exhibit exceeds seven (7) pages, counsel shall make that document available for inspection. All of the above shall be deemed authentic and admissible without predicate unless the opposing party objects in writing within three (3) days of receipt. Provided, however, that this provision is not intended to make legally inadmissible evidence admissible. Parties are not required to furnish copies of exhibits previously filed pursuant to a subpoena duces tecum or which may have been produced in the course of discovery. However, counsel shall list those items.

2. In addition to the above provision, all doctor and medical bills, and any hospital records furnished to counsel during discovery or otherwise during the course of trial preparation shall be deemed reasonable and necessary. Said medical bills and hospital records shall be admissible without further predicate unless the opposing party objects within three (3) days of receipt.

3. At least fifteen (15) days prior to trial counsel shall exchange witness lists to include addresses. This provision does not apply to rebuttal witnesses. Counsel may supplement this list up to ten (10) days prior to trial.

4. If any of the information contained in the above paragraphs is furnished by mail, it shall be post-marked at least eighteen (18) prior to trial.

5. A trial docket will be sent to counsel by the Circuit Clerk's Office.

6. Discovery shall be complete ten (10) days prior to trial. Provided, however, that the Court may allow discovery within ten (10) days of trial in special circumstances.

7. Unless an objection is interposed within ten (10) days of the date of the filing of this Order all parties will be deemed to be properly named.

A copy of this Scheduling Order shall be sent to counsel in each case.

Signed this the 6th day of June, 2006.

RAY D. MARTIN
CIRCUIT JUDGE

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

## ORDER

The following cases shall be continued to the next term of Court:

| | |
|---|---|
| CV-02-293 | Pearsall v. Homecoming Financial, et. al. |
| CV-03-001 | Ali v Edwards |
| CV-03-066 | Johnson v. Strain, et. al. |
| CV-03-104 | Tolbert v. Honda Motor Company, et. al. |
| CV-03-244 | First National On Line Processing et. al. v. Marable, et. al. |
| CV-04-006 | Sanford v. Miss Deanna' Childcare, et. al. |
| CV-04-047 | Chambliss v. Salem Nursing & Rehabilitation Center, et. al. |
| CV-04-061 | Davis-Young et. al., v. Wyeth, Inc., et. al. |
| CV-04-068 | Cooper v. Macon County Greyhound Park, Inc. |
| CV-04-070 | Johnson and Reese v. Blakely |
| CV-04-088 | Anderson v. Slaughter, et. al. |
| CV-04-090 | Huntley, et. al. v. Benson |
| CV-04-096 | Gunn v. Continental General Insurance Company, et. al. |
| CV-04-121 | Davis v. Ocwen Federal Bank, et. al. |
| CV-04-150 | Maloy, et. al. v. Estes, et. al. |
| CV-04-157 | Cardwell and Cole v. Gray |
| CV-04-175 | Merriweather v. Macon County Greyhound Park Inc. |
| CV-04-184 | Moore-Fitzpatrick, et. al. v. The Plantation Oaks of AL |
| CV-04-193 | Whitehead, et. al. v. Hampton, et. al. |
| CV-04-198 | Wood v. Macon County Greyhound Park Inc. |
| CV-04-199 | Brown v. Norwest Bank of Minnesota |
| CV-04-210 | Reynolds v. Calhoun, et. al. |
| CV-04-212 | Cowan v. Three Springs, Inc. et. al. |
| CV-04-216 | Fulford v. Market Street Mortgage, et. al. |
| CV-04-224 | Dillard v. Homeq Servicing Corp, et. al. |
| CV-04-233 | In re: Contest of the Probate of the May 17, 2000 will of CM Reynolds |
| CV-04-237 | Miller v. American Medical Security, Inc., et. al. |
| CV-04-241 | McKenzie v. Camp Watts Farms, et. al. |
| CV-04-242 | Fields v. E.D. Nixon Apartments, Inc. |
| CV-05-001 | Stinson v. American Medical Security, Inc., et. al. |
| CV-05-004 | Devaughn v. Baldwin & State Farm |
| CV-05-009 | Foston v. American Medical Security, Inc. |
| CV-05-013 | Kimbrough v. American Medical Security, Inc. |
| CV-05-015 | Ebo, et. al. v. Lifestar Response of Alabama, Inc. |
| CV-05-018 | Avery v. Curry, et. al. |
| CV-05-019 | Myhand v. American Medical Security, Inc. |
| Cv-05-021 | Bowen v. American Medical Security, Inc. |
| CV-05-023 | Lawrence v. Macon County Greyhound Park, Inc. |
| CV-05-036 | Ford, et. al. v. Rocky Smith, et. al. |
| CV-05-042 | Ford v. Rose |

EDDIE D. MALL
CIRCUIT CLE

2006 JUL 14 P 3: 50

FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL.

| | |
|---|---|
| CV-05-043 | Gibbs & Trimble v. Eagle Export Company |
| CV-05-061 | Wilson v. American Medical Security, Inc. |
| CV-05-065 | Cardwell v. American Medical Security, Inc. |
| CV-05-069 | Myers v. Ford Motor Company, et. al. |
| CV-05-070 | Crain v. Fuller, et. al. |
| CV-05-090 | Howard v. Baldwin Mutual Insurance Company |
| CV-05-093 | Jackson v. Goldstar Financial Inc., et. al. |
| CV-05-094 | Daniels v. Smith, et. al. |
| CV-05-110 | Turk v. Mims |
| CV-05-119 | Hatton v. Macon County, et. al. |
| CV-05-132 | Mitchell, as Administrator v. Hough, et. al. |
| CV-05-139 | Williams v. Chisholm |
| CV-05-140 | Ellington v. Howard Griggs Trucking, Inc., et. al. |
| CV-05-147 | Scott v. Macon County Commission |
| CV-05-153 | Woods, et. al. v. Auto Owners Insurance Company, et. al. |
| CV-05-168 | Cannon v. Globe Life & Accident Ins. Co., et. al. |
| CV-05-169 | Fort, as Administrator v. Nelson |
| CV-05-170 | Baker v. Mar-Mal, Inc. |
| CV-05-171 | Pitts v. Citizens Security Life Insurance Company, et. al. |
| CV-05-172 | Morris v. Thompson, et. al. |
| CV-05-173 | Jones v. Estate of Wingfield Wilson |
| CV-05-182 | Howard v. S&W Excavating & Grading Co. et. al. |
| CV-05-183 | Foy v. Macon County Greyhound Park, Inc. |
| CV-05-188 | Wallace v. Osborn |
| CV-05-189 | Freeman v. Osborn |
| CV-05-190 | King v. Osborn |
| CV-05-191 | King v. Osborn |
| CV-05-208 | Kirk v. The Plantation Oaks of Alabama, Inc., et. al. |
| CV-05-214 | Burton v. Lynch, et. al. |
| CV-05-242 | Greene v. Willoughby, et. al. |
| CV-05-243 | Cannon v. Utilities Board Of The City Of Tuskegee |

Signed this the 12th day of July, 2006.

*Ray D. Martin*

RAY D. MARTIN
CIRCUIT JUDGE

3:06-CV-854-WKW

# EXHIBIT
# 2

**AFFIDAVIT OF M. BRIAN SLAUGHTER**

**STATE OF ALABAMA**
**SHELBY COUNTY**

Before me a Notary Public in and for said County and State personally appeared M. Brian Slaughter and after being duly sworn stated as follows:

1.    My name is M. Brian Slaughter and I am an attorney licensed to practice in the State of Alabama. This Affidavit is given in support of a Notice of Removal filed on behalf of Janie Kathleen Osborn.

2.    I am the attorney for Defendant Janie Kathleen Osborn in the consolidated lawsuits previously pending in the Circuit Court of Macon County, Alabama, more specifically:

*Kinedi Wallace v. Janie Kathleen Osborn*, Civil Action No. CV05-188
*Marvin Freeman v. Janie Kathleen Osborn*, Civil Action No. CV05-189
*Maureen King v. Janie Kathleen Osborn*, Civil Action No. CV05-190
*Michaela Martina King v. Janie Kathleen Osborn*, Civil Action No. CV05-191

3.    The above referenced suits grow out of a motor vehicle

1

accident that occurred on July 8, 2005, in Macon County, Alabama. My client, Janie Kathleen Osborn, was the driver of one of the two vehicles involved. The other vehicle was being driven by Michaela Martina King. It is alleged that Plaintiffs Maureen King, Marvin Freeman and Kinedi Wallace were passengers in the car being driven by Michaela Martina King.

4.    The Plaintiffs originally filed four separate lawsuits in the Circuit Court of Macon County, Alabama bearing case numbers: CV05-188, CV05-189, CV05-190 and CV05-191. On April 7, 2006, the Circuit Judge of Macon County, Alabama, entered an Order consolidating these cases.

5.    There is a diversity of citizenship between the Plaintiffs and the Defendants. The Plaintiffs are all residence citizens of the State of Alabama. The Defendant, Ms. Osborn, was and has been since the date of the accident a resident citizen of the State of Georgia.

6.    Although there was diversity of citizenship at the time the suits were filed in State Court, each of the Plaintiffs' Complaints sought "compensatory and punitive damages in an

2

amount up to <u>but not exceeding $70,000.00"</u>.   Thus, when the suits were filed, the amount in controversy, as alleged in the Complaints, was less than the jurisdictional requirement of $75,000.00 for the purpose of removal to Federal District Court.

7.    However, the amount in controversy has recently changed as a result of the Plaintiffs' attorney's written demand for "policy limits". More particularly, the Plaintiffs' attorney wrote a letter dated September 12, 2006, wherein he demanded "policy limits" to settle these cases. A true and correct copy of that letter, with enclosures, is attached hereto as Exhibit "A".

8.    There is a total of Three Million Dollars ($3,000,000.00) in insurance coverage, consisting of a primary policy with liability coverage of $500,000.00 and an excess liability policy with coverage of $2,500,000.00.  Through discovery I had previously disclosed these policy limits to the Plaintiffs' attorney.

9.    My receipt of the attached correspondence dated September 12, 2006, was my first written notice that the Plaintiffs are seeking damages in excess of the amount originally claimed in their Complaint.

3

M. Brian Slaughter

Sworn to and subscribed before me this _20th_ day of _September_, 2006.

Notary Public

My Commission Expires: _08/23/08_

4

# MANN, COWAN & POTTER, P. C.

### ATTORNEYS AT LAW

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

Davld@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

September 12, 2006

**VARNER & ASSOCIATE!**

**SEP 1 3 2006**

**RECEIVED**

M. Brian Slaughter, Esq.
Varner & Associates
2600 Meadow Brook South, Ste. 200
2600 Corporate Drive
Birmingham, Alabama 35242

        Re:  *Maureen King, et al. v. Janie Kathleen Osborn*

Dear Brian:

        Enclosed you will find reports from Dr. Tracy L. Hartford with
Auburn Chiropractic Associates.  Additionally, I enclose a copy of my
letter to Dr. Hartford requesting these reports.  I know that you have
not yet deposed Mr. Freeman and I would be happy to put him up whenever
you so desire.

        On behalf of the Plaintiffs, we demand policy limits to settle this
case.  As you can see from the reports, my clients have permanent
injuries, and they have been made to be more susceptible to future
injuries.

        Lastly, I enclose information out of the Alabama Jury Verdict
Reporter.  A couple of the cases were tried by Roger Varner in your firm.
I certainly do not have to tell you the favorable results that are
ordinarily reached in Macon County in cases of this type.

        In the event of an excess verdict in this case, we will pursue the
balance against your client's personal assets.  Please pass this along
to your carrier and lets discuss settling this case.  I look forward to
hearing from you.

                        With Kindest Regards,

                        MANN, COWAN & POTTER, P.C.

                        David M. Cowan

DMC/kmw
Enclosure(s)

cc:  R. Keith Thomas, Esq.



**EXHIBIT**

*A*

# MANN, COWAN & POTTER, P. C.

ATTORNEYS AT LAW

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

David@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

July 19, 2006

Tracy L. Hartford, D.C.
Auburn Chiropractic Associates
1735 East University Drive
Auburn, Alabama 36830

Re:  *Maureen King v. Janie Kathleen Osborn*
     *Michaela Martin King v. Janie Kathleen Osborn*
     *Marvin Freeman v. Janie Kathleen Osborn*

Dear Dr. Hartford:

I am writing to you on behalf of Maureen King, Michaela King and Marvin Freeman.  This case is currently in litigation and I am in need of your opinions regarding your treatment of my clients.

I need a report from you on each of the above referenced patients regarding the following issues:

1.   What is your diagnosis;
2.   A general description of your treatment to date;
3.   A general description of future treatment that you recommend (as well as the frequency thereof); and
4.   The anticipated cost of your future treatment.

For this service, I enclose a check in the amount of $350.00. If your fee for providing this information is higher, simply let me know and I will see that payment is made immediately.  Upon receipt of your report, I will be forwarding it to counsel for the Defendant along with my letter to you.  Please contact me if you have any questions.

With Kindest Regards,

MANN, COWAN & POTTER, P.C.

David M. Cowan

DMC/kmw

*August 28, 2006*

RE: *Mrs. Maureen King*
     *Date of Injury: July 8, 2005*
     *Date of Birth:  May 17, 1969*

## HISTORY:

*Mrs. Maureen King entered this office on January 12, 2006 for evaluation and treatment of injuries that were incurred in a motor vehicle accident on the above-referenced date.  Mrs. King reported that she was the right rear passenger of a car that struck a second automobile in a T-bone type collision.  She described the impact during which her left ankle was wedged under the front seat. She reported that she received initial emergency medical treatment prior to her treatment at this facility.*

## SYMPTOMATOLOGY

*Lower back pain*

## DIAGNOSIS

*Traumatic sprain and strain injury of the lumbar spine*

## TREATMENT

*Chiropractic treatment consisted of spinal manipulation with adjunctive physical modalities provided to expedite and improve the quality of recovery.  Mrs. King received interferential electrical muscle stimulation, ultrasound, therapeutic massage and hydrotherapy.  She was instructed in the home application of heat and provided with a rehabilitative exercise regimen.*

## PROGNOSIS

*Mrs. King responded favorably to the conservative treatment regimen.  She has been released from therapeutic care relating to the injuries incurred in the above referenced motor vehicle accident.  We will continue to provide supportive treatment for this patient as needed.  Supportive treatment will most likely include spinal manipulation with physiotherapy modalities.  The cost may be similar to her existing charges which are approximately $120 per visit.*

*As with most musculoligamentous injuries, full strength is never regained.  The injured structures will be weaker, less flexible and less resilient to tensile type biomechanical stress. Musculoligamentous injuries often lead to aberrant joint motion and may culminate in progressive degenerative joint disease. As a result of these injuries, Mrs. King is at increased risk for future injuries of the lumbar spine and accelerated degenerative changes at the involved/adjacent spinal segments.*

*Based on sixteen years of clinical experience in the treatment of spine injuries, it is my opinion that this patient will encounter 1-2 exacerbating events each year causing her to seek treatment for lower back pain.  It is reasonable to expect future treatment to result in $500-$1000 of expenses each year.*

*Dr. Tracy L. Hartford*

*August 28, 2006*

RE: *Miss Michaela Martin King*
     *Date of Injury: July 8, 2005*
     *Date of Birth: March 10, 1988*

## HISTORY:
*Miss Michaela King entered this office on January 12, 2006 for evaluation and treatment of injuries that were incurred in a motor vehicle accident on the above-referenced date. Miss King reported that she was the driver of a car that struck a second automobile in a T-bone type collision. Miss King reported that the second automobile abruptly interrupted her path of travel. She described the impact during which her knees struck the dash, arm hit the dash and the airbag struck her in the face. Additionally, she reported immediate swelling of her knees and neck pain. She received initial emergency medical treatment prior to her treatment at this facility.*

## SYMPTOMATOLOGY
*Headaches*
*Neck pain*
*Lower back pain*

## DIAGNOSIS
*Traumatic strain and sprain injury of the cervical spine with associated headaches*
*Traumatic sprain and strain injury of the lumbar spine*

## TREATMENT
*Chiropractic treatment consisted of spinal manipulation. The following physical modalities were provided to expedite and improve the quality of recovery: interferential electrical muscle stimulation, ultrasound, therapeutic massage and hydrotherapy. This patient was instructed in the home application of heat and provided with a rehabilitative exercise regimen.*

## PROGNOSIS
*Miss King responded favorably to the conservative treatment regimen. She has been released from therapeutic care relating to the injuries incurred in the above referenced motor vehicle accident. We will continue to provide supportive treatment for this patient as needed. Supportive treatment will most likely include spinal manipulation and physiotherapy modalities. The cost may be similar to her existing charges which are approximately $120 per visit.*

    *As with most musculoligamentous injuries, full strength is never regained. The injured structures will be weaker, less flexible and less resilient to tensile type biomechanical stress. Musculoligamentous injuries often lead to aberrant joint motion and may culminate in progressive degenerative joint disease. As a result of these injuries, Miss King is at increased risk for future injuries of the cervical and lumbar spine and accelerated degenerative changes at the involved and adjacent spinal segments.*

    *Based on sixteen years of clinical experience in the treatment of spine injuries, it is my opinion that this patient will encounter 1-2 exacerbating events each year causing her to seek treatment for lower back pain and/ or neck pain. It is reasonable to expect future treatment to result in $1000-$1500 of expenses each year.*

*Dr. Tracy L. Hartford*

*August 27, 2006*

*RE: Mr. Marvin Freeman*
    *Date of Injury: July 8, 2005*
    *Date of Birth: August 26, 1986*

### HISTORY:
*Mr. Marvin Freeman entered this office on January 12, 2006 for evaluation and treatment of injuries that were incurred in an automobile collision on the above-referenced date. Mr. Freeman reported that he was the front passenger of a car that struck another automobile as it abruptly interrupted the path of travel. He described what is known as a T-bone type collision. He further reported that his knees struck the dash at the moment of impact. Mr. Freeman received medical treatment immediately following the accident.*

### SYMPTOMATOLOGY
*Lower back pain*

### DIAGNOSIS
*Traumatic sprain and strain injury of the lumbar spine complicated by mild thoracolumbar scoliosis*

### TREATMENT
*Chiropractic treatment consisted of spinal manipulation, interferential electrical muscle stimulation, ultrasound, therapeutic massage and superficial heat. This patient was instructed in the home application of heat and provided with a rehabilitative exercise regimen.*

### PROGNOSIS
*Mr. Freeman responded favorably to the conservative treatment regimen. He has been released from therapeutic care relating to the injury incurred in the above referenced motor vehicle accident. We will continue to provide supportive treatment for this patient as needed. Supportive treatment will most likely include spinal manipulation with physiotherapy modalities. The cost may be similar to his existing charges which are approximately $120 per visit.*

*As with most musculoligamentous injuries, full strength is never regained. The injured structures will be weaker, less flexible and less resilient to tensile type biomechanical stress. Musculoligamentous injuries often lead to aberrant joint motion and may culminate in progressive degenerative joint disease. As a result of these injuries, Mr. Freeman is at increased risk for future injuries of the lumbar spine and accelerated degenerative changes at the involved and adjacent spinal segments.*

*It is my opinion, which is based on sixteen years of clinical experience in the treatment of spine injuries; that this patient is likely to encounter 1-2 exacerbating events each year causing him to seek treatment for lower back pain. It is reasonable to expect future treatment to result in $500-$1000 of expenses each year.*

*Dr. Tracy L. Hartford*

car to make the left turn. As he made it, Presley broadsided his car in a moderate collision, spinning it around 270 degrees.

For her part, Presley's liability theory was clear. Augustus made a sudden left turn in front of her, apparently occasioned by his impatience as he had waited several minutes for traffic to clear. His response was equally simple -- when he commenced the turn, the road was clear and only because of Presley's excessive speed was there a collision. His best evidence she was speeding, it was argued, was the force of the impact which spun his vehicle around.

Fault issues aside, Presley has since complained of soft-tissue neck pain, plus for a brief time, headaches and nausea. She treated with Dr. Joseph Ray, Orthopedics, Mobile, incurring medical bills of $8,576. Impaired from her nurse position, lost wages were approximately $10,000.

Augustus defended on fault as noted above, also diminishing the claimed injuries. He noted that after this wreck, when applying for a new job, Presley had denied any prior injury. Moreover and in a coincidence, she was hired to treat defendant's grandmother. His mother recalled that Presley completed that treatment without incident.

The disputes would be resolved by a Mobile jury. The verdict was for Augustus and Presley took nothing. A defense judgment followed.

## Auto Negligence - Mother and daughter both claimed injury after a minor crash in a funeral home parking lot

*Ingram v. Farley,* 00-0402
Plaintiff: Kenneth L. Funderburk, *Funderburk Day & Lane,* Columbus, GA
Defense: Stanley A. Martin, Opelika
Verdict: Defense verdict
Circuit: **Russell,** 2-14-02
Judge: Albert L. Johnson

In Phenix City on 2-19-00, there was a minor MVA in the parking lot of the Taylor Funeral Home. While stopped in the parking lot, Diana Ingram, age 44, was rear-ended by Robert Farley. A passenger with Ingram was her daughter, Shermeka, then age 16.

Both mother and daughter claimed injury, treating that day at the ER in Columbus, GA. They have since complained of soft-tissue symptoms, following with a chiropractor, Jay Brodwyn, Columbus, GA. More seriously injured, Brodwyn called mother's

symptoms myofascial. The record does not reflect the incurred medicals.

In this action, the mother-daughter tag team sought money damages from Farley. He minimized the crash, noting that initially, there was no damage and no injury, causing him to leave the scene. Only later were the police called. To the claimed injury, Farley called the symptoms entirely subjective.

As an aside, Farley also turned his focus to chiropractor Brodwyn. He impeached the doctor on two grounds, (1) his advertisements that were aimed at lawyers, hoping to generate business from car wrecks, and (2) an earlier suspension in Georgia for six months, predicated on false advertising, i.e, Brodwyn offered a free first visit to new customers, but didn't deliver.

Back to the tort claim, the verdict in Phenix City on Valentine's Day was for the defendant, the panel rejecting the claims of both plaintiffs. A defense verdict followed for Farley.

## Auto Negligence - Defendant exonerated in an unusual crash as after he blocked the roadway, causing plaintiff to stop, plaintiff was then rear-ended by a third car

*Head v. Hardin,* 01-0175
Plaintiff: Charles J. Kelley, *Almon McAlister Baccus Hall & Kelley,* Tuscumbia
Defense: Preston S. Trousdale, Jr., *Jones & Trousdale,* Florence
Verdict: Defense verdict
Circuit: **Colbert,** 2-21-02
Judge: Harold V. Hughston, Jr.

This case started on 3-20-00 as Jeffrey Hardin pulled from the parking lot of a car dealer across Hwy 43 in Muscle Shoals, intending to turn left. Partially into the median, Hardin was waiting for traffic to clear. Importantly, while he was in the median, a part of his vehicle still blocked traffic on Hwy 43.

As this was happening, Robert Head, age 56, was approaching on Hwy 43. Seeing the road was blocked by Hardin's car, Head came to a stop. That set the stage for the third player in our drama, Clarence Mills. Also on Hwy 43, he couldn't stop in time, having just changed lanes from behind a tractor-trailer. Seeing Head at the last moment, Mills rear-ended his car. Incidentally, Hardin's vehicle was not involved in the collision.

Head has since treated for soft-tissue symptoms with Dr. Brad McAnelly, Orthopedics, Muscle Shoals. The

incurred medicals are not reflected in the record. Procedurally, Head first settled with Mills for his policy limits of $20,000. He then pursued Hardin.

His liability theory was predicated on Hardin having blocked the roadway. It was that negligence, concurrent with the fault of the since-settled Mills, that caused his injuries. Hardin defended on three grounds. First, he minimized the crash in the first place, calling it just a *clip.* As importantly and in any event, any fault by Hardin was superseded by Mills. Finally and to contributory fault, Head was also to blame as when stopping behind Hardin, he never honked his horn or took any sort of action to go around the stopped car.

Tried in February in Tuscumbia, the jury verdict was for Hardin, Head taking nothing. Judge Hughston entered a consistent defense judgment. Not implicated by the verdict as well was a silent UIM carrier, State Farm, that had opted out from participating at trial.

## Uninsured Motorist - Phantom driver ran plaintiff off the road and into a tree

*Fitzpatrick v. Allstate,* 00-0402
Plaintiff: Robert Simms Thompson, Tuskegee
Defense: Roger W. Varner, *Holloway & Associates,* Birmingham
Verdict: $150,000 for plaintiff
Circuit: **Macon,** 2-7-02
Judge: Albert L. Johnson

It was a tough summer for Mary Fitzpatrick, age 52 and on 7-31-00, it became more difficult. Having just lost her long-time job as a spinner, she was traveling to the unemployment office on Hwy 110 near Union Springs. From the opposite direction, a phantom driver encroached her lane.

Fitzpatrick took evasive action and ran off the road into a tree. There was no contact with the unknown vehicle. The crash was significant and her vehicle was totaled. She suffered what initially looked to be just bruising, associated with her head and chest contacting the steering wheel.

Fitzpatrick has since complained of soft-tissue symptoms, but more troubling, a cognitive disorder and vertigo, all secondary to striking the steering wheel. The record indicates her medical bills were approximately $3,100.

The identity of the other driver would never be known and in this action, she sought uninsured motorist benefits from her insurer, Allstate. The limits of that

...ly, Gallups and her ...flagged for fraud.
...reporting the check, essentially ...Gallups' account, it also penned ...tten on 2-1-00. Sent to Gallups, it ...demanded payment for the $400 check, ...indicating it would remain in Toy R Us bad check files until paid. Gallups was not happy to have the letter, believing it had a threatening tone. Especially offended, Gallups wondered why it had been sent, as Toy R Us knew almost immediately the check was bad.

Compounding the error, she argued, the whole mess could have been averted if Toy R Us had followed its own policies. Namely, its policies prohibited counter checks and mandated that identification be confirmed. Had Toy R Us done either, the phony check would never have been accepted in the first place.

From this fact set, Gallups filed suit and alleged two counts, (1) defamation and (2) false light. She asserted defamation in flagging her account to SCAN and Equifax, even though it knew she had not written the check. This also placed her in the false light of a passing bad check. Her associated mental anguish included the affect on her credit rating and the ability to use checks. Gallups, a legal assistant at Goldberg & Associates, only sought compensatory damages at trial.

Toys R Us defended the case and denied there was any defamation. It postured it had only done one thing -- flag her account as having written a bad check. This was not only entirely reasonable, it was in fact, completely true. The source of the problem, Toy R Us focused, was not its conduct, but Gallups failure to open another account with a new account number. To this day, she continues to use the same account.

A Birmingham jury resolved this dispute, returning a verdict for Gallups. Her damages were valued at $14,000. A consistent judgment was entered by Judge Boohaker.

## Truck Negligence - Plaintiff's tired husband pulled to the shoulder of the interstate for a nap; moments later, a truck driver crashed into the parked car

*Taylor v. Landair Transport & Hodges*, 01-0224
Plaintiff: Robert Simms Thompson, Tuskegee
Defense: William C. McGowin, *Bradley Arant Rose & White*, Montgomery
Verdict: $500,000 for plaintiff
Circuit: **Macon**, 8-29-02
Judge: Howard F. Bryan

Arlena Taylor, age 59 of the Boston area, was on vacation with her husband, Curtis, on 8-22-01. Their travels took them into Alabama and onto southbound I-85. As fate would have it, as they entered Macon County, Curtis was overcome with fatigue. Not wishing to drive in a sleepy state, he elected instead to safely pull to the shoulder of the highway, traffic speeding by just a few feet away.

This same day, Billy Hodges was driving a tractor-trailer for Landair Transport. An instant later and for reasons that aren't clear, Hodges veered off the interstate and collided with the Taylor vehicle. Moderate damage resulted.

Still at the scene of the crash, no injury was reported. Their car damaged, the Taylors took a train back to Boston. While suffering from neck and back pain, Arlena did not first seek care until six days later.

Her doctor, Abraham Swartz, GP, Dorchester, MA, identified a persistent soft-tissue injury, sending Arlena to a course of physical therapy. It was his position that a permanent injury was sustained, the collision having sped up the degenerative process.

Plaintiff's incurred medical bills were approximately $15,000. She is also unable to work, having previously been employed at a department store. The injury mechanism was linked to her body being wrenched in the crash.

Hodges and Landair Transport defended the case on damages, eliciting proof from Swartz on cross-examination. Namely, it initially appeared that Arlena had only a soft-tissue strain, followed by three months of physical therapy. This was, defendants thought, consistent with a temporary soft-tissue injury. The ongoing pain, it was further argued, was likely exaggerated and a response to litigation.

A Tuskegee jury deliberated the case, returning a verdict for Arlena, awarding

her $500,000. Judge Bryan entered a consistent judgment. Pending is defendants' motion for a new trial that h called the damage award "patently excessive," especially for a soft-tissue injury with $15,000 of medicals. More explosive, it cited newly discovered evidence, namely, that Arlena had prior pain clinic treatment for back symptom: the 1990. However, in deposition, interrogatories and at trial, she denied a prior care, defendants suggesting she suppressed these facts. When reviewec by the AJVR, plaintiff had not responde to the motion.

## Utility Negligence - The water company dug a hole in plaintiff's yar to place water meter; exiting her car, plaintiff stepped into the hole, sufferi a meniscal tear

*Jackson v. Eufaula Water Works*, 00-0(
Plaintiff: Richard F. Horsley, *Goozee King & Horsley*, Birmingham
Defense: Jimmy S. Calton, Sr. and Jim S. Calton, Jr., *Calton & Calton*, Eufaul
Verdict: $45,000 for plaintiff
Circuit: **Barbour-Eufaula**, 8-23-01
Judge: Burt Smithart

Ozzie Jackson, age 60, lives in Eufa and on 3-4-99, the local Water Works digging in her yard. Particularly, it wa relocating water meters near the sidew For reasons that aren't clear, on this da Jackson prepared to leave her house.

Entering her car, she started to drive away. However, Jackson didn't use th driveway, she drove directly across the yard. A moment later, her car collided with the hole, partially tilting into the a When Jackson got out of the car, she stepped into the hole, twisting her knee

She has since treated for a meniscal with Dr. Francis Moll, Orthopedics at Hughston Clinic. He later performed a arthroscopic repair. Jackson's medica bills are unknown.

In this lawsuit, Jackson sued the Wa Works, criticizing it for failing to prop mark and otherwise barricade the dangerous hole. Water Works defend and postured that plaintiff's contributo negligence should defeat the claim.

Namely, it was her decision to drive car through the yard, not using the driveway. Then, her car hanging off-l in the hole, she stepped out of it. To i care, Water Works postured that the h was properly marked with an orange c Damages were also diminished, defen noting that while injured on 3-4-99, Jackson did not first seek care until th middle of April.

Also for Warren was Dr. John Fanning, Internist, Huntsville, who added a second layer to the defense. While the infection was properly treated, Fanning thought, Sergent ultimately expired because of underlying cirrhosis, related to a history of alcohol abuse. This also implicated contributory fault, Warren explaining that if the alcoholism was properly disclosed before the hysterectomy, he likely would have consulted with an expert before performing it.

Deliberating ninety minutes, the verdict was for Warren, a jury in Huntsville awarding the estate nothing. A defense judgment followed.

## Underinsured Motorist -
**Tortfeasor's tire blew out and he crossed the interstate median; almost stopped in the opposite lane, plaintiff crashed into him**
*Smith v. Allstate*, 00-0054
Plaintiff: Jock M. Smith, Brian Strength and Tiffany N. Johnson, *Cochran Cherry Givens & Smith*, Tuskegee
Defense: Roger W. Varner, *Varner & Associates*, Birmingham
Verdict: $1,000,000 for plaintiff
Circuit: **Macon**, 2-6-03
Judge:    Tom F. Young, Jr.

On 11-9-99, there was a near head-on collision on I-85. It occurred as Gazel Pettaway, sustained a tire blow-out. Losing control, he veered across the median into the path of oncoming traffic. Pettaway was almost able to bring his vehicle to a complete stop. At the same time, Harry Smith, age 59 and of Tallassee, could not stop in time. He crashed into Pettaway.

A moderate collision, no injury was reported at the scene. Smith has since treated for radiating neck and back pain. His course of treatment and incurred medicals are not known. Procedurally, he first moved against Pettaway, taking his policy limits. He then sought UIM benefits from his carrier, Allstate. The policy limits were $40,000. Allstate defended the case and minimized the claimed injury.

In his closing remarks, attorney Smith used Allstate's own commercial against it, telling a Tuskegee jury that his client "was not in good hands" as the insurer operated with "empty hands and a heavy-handed mind set."

The jury's verdict was for Smith and writing on the verdict form as "1 million," it far exceeded the $40,000 policy limits. A consistent judgment, reflecting the

limits followed, and has been satisfied by Allstate.
**Ed. Note** - A story that appeared in the *Tuskegee News* about this verdict mentioned several times that a $1,000,000 award had been secured. Nothing was said that the award was limited contractually to $40,000. The article did cite the famed-attorney Johnnie Cochran, the Los Angeles-based partner of the Tuskegee lawyers that tried the case -- Cochran remarked that he was proud of Strength and Johnson and their contribution to this case. Smith also remarked on the verdict, telling the newspaper "I am elated once again that a Macon County jury of God-fearing citizens tipped the scales of justice against a haughty and high-handed insurance company."

## Auto Negligence - As plaintiff prepared to turn out of a parking lot, he was struck by defendant who proceeded on the superior highway; defendant conceded the collision but blamed plaintiff for starting forward, appearing to pull into his path. Only then did defendant hit the brakes and skid into plaintiff
*Davidson v. Mainline Heating and Air Conditioning*, 02-0121
Plaintiff: Sanford D. Hatton, Jr., Pelham
Defense: Christopher J. Zulanas, *Friedman Leak & Bloom*, Birmingham
Verdict: Defense verdict
Circuit:    **Shelby**, 1-16-03
Judge:    D. Al Crowson

On 9-4-01, Jimmy Davidson, age 54, was exiting the Food World parking lot on Pelham, intending to make a left turn. At the same time, John Davenport, driving a pick-up for Mainline Heating & Air Conditioning, approached on the superior Lee Street. Davidson, a radiology technician at UAB, saw Davenport coming and came to a stop.

Davenport remembered differently. He too saw Davidson, but remembered him partially beginning to pull into the roadway. As importantly, he did so right into his path. Davenport hit the brakes in an attempt to minimize collision. At just that instant, Davidson stopped his assault onto Lee Street.

It was too late for a collision to be avoided. On a partially rain-slicked roadway, Davenport's pick-up slid directly into Davidson's sedan, intruding the driver's compartment of his Jeep. Davidson's most serious injury was a broken ankle.

In this action, Davidson sought damages from Davenport and his employer, blaming Davenport for havi skidded into him. Importantly, Davids postured that he was fully stopped and in Lee Street when hit. Davenport conceded as much but, recalling the fa dispute, noted that plaintiff suddenly started into his path, stopping again ju quickly. In response to that move, Davenport called it reasonable to hit th brakes, leading unfortunately to the ski and the collision. Plaintiff's best respo was that in any event, he was still in th parking lot.

Following a two-day jury trial, the verdict was for Davenport and his employer, Davidson taking nothing. A defense judgment followed and there w no appeal. Defendants' offer of judgm had been for $15,000.

## Police Assault - Pursu
**DUI charge, an Evergre charged into the suspect knocking suspect's wife on the porch in the process injuring her ankle**
*Oliver v. City of Evergreen*, 01-0090
Plaintiff: Paul M. Harden, Sr and Paul I Harden, Jr., *Harden & Harden*, Monroeville and Reo Kirkland, Jr., Brewton
Defense: C. Winston Sheehan, Jr., *Ball Ball Matthews & Novak*, Montgomery
Verdict: Defense verdict
Circuit:    **Conecuh**, 2-26-03
Judge:    Samuel H. Welch, Jr.

On the night of 6-11-00, a state troop Matthew Kennedy, was involved in a D pursuit of Greg Oliver. The chase ende in Castleberry at Oliver's home. Oliver raced into his home, Kennedy continuin the pursuit on foot. Now inside the Oli residence, Kennedy and Oliver struggle While Kennedy ultimately brought Oliv under control, he did send out a distressing call for back-up.

Sean Klaetsch, a police officer for the City of Evergreen, heard the call and raced to the scene. There would be fact disputes about what happened after his arrival. Klaetsch had one version. while Sabrina Oliver, age 35, recalled a differe set of facts.

From Sabrina's position, when Klaets arrived, she was standing on her porch. She remembered him pulling up in an unmarked vehicle. Further, he was not wearing a police uniform, but instead black clothing. Initially, Sabrina believe he was EMS personnel.

Still standing in the doorway, she