IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| M.M.K., a minor, by and through her next best friend and mother, MAUREEN KING, ) ) ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:06-cv-854-WKW |
| ) | (WO) |
| JANIE KATHLEEN OSBORN, ) ) | |
| Defendant. ) | |

**O R D E R**

On September 25, 2006, this action was removed to this court by the defendant on the basis of diversity jurisdiction. (Doc. # 1, Notice of Removal.) On October 18, 2006, the plaintiff filed a Motion to Remand seeking remand of this case to the Circuit Court of Macon County, contending that she does not seek or claim more than $75,000. (Doc. # 3.) In response to the mutual agreement between counsel for the plaintiff and the defendant, the plaintiff provided an affidavit affirmatively stating that she does not seek and will not accept damages of more than $75,000. (Doc. # 3, Ex. A, King Aff.) On October 27, 2006, the defendant filed a Response to the Motion to Remand asserting that "the action should be remanded back to the State Court." (Doc. # 5, ¶ 3.)

Accordingly, upon consideration of the Motion to Remand, the plaintiff's affidavit,[1] and the

---

[1] It is clearly established in the Eleventh Circuit that the district court may "consider post-removal evidence" in determining the propriety of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). However, "'the jurisdictional facts that support removal must be judged *at the time of the removal*, and any post petition affidavits are allowable *only if relevant to that period of time*.'" *Id.* (quoting *Allen v R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis added)). Under *Sierminski*, affidavits filed by plaintiffs in cases may be considered in determining jurisdiction to the extent that they clarify the Complaint by identifying that the amount in controversy was not in excess of $75,000 at the time the case was removed and will not be in excess of $75,000 in the future. *See Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1303-1304 (M.D. Ala. 1999) (because plaintiff had "submitted a binding Stipulation in which she promised to neither seek nor accept damages in excess of $75,000," the defendants failed to prove by a preponderance of the evidence that damages would exceed $75,000). Such affidavits should establish that, at the time the complaint was filed, plaintiffs did not seek more than the jurisdictional amount and that plaintiffs will not accept a jury award for more than the jurisdictional amount. The court notes that, although not required, some plaintiffs even agree in their affidavits to an irrevocable cap on damages of $74,999, exclusive of interest and costs. In the case

defendant's response thereto acknowledging that the case should be remanded, it is hereby ORDERED that:

1. The motion to remand (Doc. # 3) is GRANTED.

2. The above-styled lawsuit is hereby REMANDED to the Circuit Court of Macon County, Alabama.

3. All other motions are left for resolution by the state court.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court of Macon County, Alabama.

DONE this the 30th day of October, 2006.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

*sub judice*, the affidavit submitted by the plaintiff satisfies these requirements.